# LATHAM&WATKINS

885 Third Avenue
New York, New York 10022
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 5, 2017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 06 2017

**VIA ECF AND HARD COPY**

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl St., Room 1310
New York, NY 10007

SO ORDERED:

*[signature]* George B. Daniels, U.S.D.J.

Dated: APR 06 2017

Re: *Hudson Bay Master Fund Ltd. v. Patriot National, et al.*, No. 16 Civ. 02767 (GBD)

Dear Judge Daniels:

I write on behalf of Plaintiff Hudson Bay Master Fund Ltd. ("Hudson Bay") in the above-captioned matter regarding the Amended Answers and Counterclaims of Defendants Patriot National, Inc. and Steven M. Mariano (together, "Defendants") filed in redacted form on March 24, 2017 (Dkt. No. 122) and March 31, 2017 (Dkt. No. 128), respectively.

Defendants' Amended Answers and Counterclaims contain confidential information proprietary to Hudson Bay, including: (1) the manner in which Hudson Bay reserved shares of Patriot National stock in order to hedge its investment risk from the Patriot National transaction; (2) the dates on which such activity occurred; (3) the quantities of securities involved in such activity; and (4) the identity of the brokers with whom Hudson Bay interacted in connection with such activity. I respectfully request that the Court grant permission to seal this confidential information and permit Defendants to file under seal the unredacted versions of their Amended Answers and Counterclaims.

Although there is a presumptive right to access judicial documents, that right is not absolute. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). Instead, the Court must "balance competing considerations against" access, including but not limited to the interests of a party in maintaining the confidentiality or privacy of the information. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2006); *see, e.g., Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11–CV–1209 (CSH), 2013 WL 4012772, at *17-18 (D. Conn. Aug. 5, 2013) (sealing documents to protect confidential and private information).

The information requested to be filed under seal in this instance reflects confidential and proprietary aspects of Hudson Bay's investment activity, including specific details of how

Case 1:16-cv-02767-GBD-SDA   Document 133   Filed 04/06/17   Page 2 of 2
Case 1:16-cv-02767-GBD-RLE   Document 131   Filed 04/05/17   Page 2 of 2

April 5, 2017
Page 2

## LATHAM&WATKINS LLP

Hudson Bay sought to hedge against the risks involved in the investment at issue in this lawsuit. *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 355 (S.D.N.Y. 1996) (finding that recordings identifying "customers and transactions in specific securities at specific prices and in specific amounts" is "exactly the sort of confidential commercial information contemplated by Rule 26(c)"); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting limited redactions by the defendants of information concerning defendants' customers and their trading strategies, objectives, and transactions). Disclosure of this confidential information to other investors, who are Hudson Bay's competitors, could result in financial harm to Hudson Bay. *See Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth.*, Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (upholding the district court's protection of information that would subject the party to "financial harm"); *see also Mitchell v. Metro. Life Ins. Co.*, No. 03 Civ. 10294 (WHP), 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (granting motion to maintain confidentiality of information regarding the defendant's internal financial analyses, business plans and other sensitive company information because the defendant was "entitled to protect [the information] from competitors' view").

Permitting these documents to instead be filed under seal would be consistent with the parties' agreement under Paragraph 10 of the Stipulated Confidentiality Agreement and Protective Order, entered on January 26, 2017 (Dkt No. 100), and Federal Rule of Civil Procedure 26(c)(1)(G). *See* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that . . . confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). Accordingly, Hudson Bay respectfully requests that the Court permit Defendants to file unredacted versions of Defendants' Answers and Counterclaims under seal.

For your Honor's reference, Hudson Bay will submit in further support of this request a hard copy of the relevant document in highlighted form (with the words, phrases, and/or paragraphs to be redacted highlighted).

Respectfully submitted,

/s/ Serrin A. Turner
Serrin A. Turner
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF and email)