```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
HUDSON BAY MASTER FUND LTD.,

                Plaintiff,

        v.                              16 Civ. 02767

PATRIOT NATIONAL, INC., et al.,

                Defendants.
------------------------------x
CVI INVESTMENTS, INC.,

                Plaintiff,              16 Civ. 02787

        v.

PATRIOT NATIONAL, INC.,

                Defendant.
------------------------------x
HUDSON BAY MASTER FUND LTD.,

                Plaintiff,              17 Civ. 06204
        v.
JOHN R. DEL PIZZO, et al.

                Defendant.
------------------------------x
J.P. MORGAN SECURITIES LLC,

                Plaintiff,              17 Civ. 01080
        v.

STEVEN M. MARIANO,

                Defendant.              Conference
------------------------------x

                                        New York, N.Y.

                                        March 1, 2018
                                        10:20 a.m.
Before:

                HON. GEORGE B. DANIELS,

                                        District Judge
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

APPEARANCES

LATHAM & WATKINS LLP
    Attorneys for Hudson Bay Plaintiff
BY: SERRIN A. TURNER
BY: JEFFREY MISPAGEL

BALLARD SPAHR LLP
    Attorneys for CVI Plaintiff
BY: LAURA E. KRABILL
BY: NORMAN GOLDBERGER

LEVI LUBARSKY FEIGENBAUM & WEISS LLP
    Attorneys for J.P. Morgan Plaintiff
BY: HOWARD B. LEVI
BY: ERIC S. SMALL

HUGHES HUBBARD & REED
    Attorneys for Patriot Defendant
BY: KATHRYN A. COLEMAN.

CAHILL GORDON & REINDEL LLP
    Attorneys for Patriot and Pizzo Defendants
BY: BRADLEY J. BONDI

CONRAD & SCHERER, LLP
    Attorneys for Mariano Defendant
BY: WILLIAM R. SCHERER
BY: ALEXANDER V. MASOTTI.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
    Attorneys for Smith Defendants
BY: JOHN P. STIGI, III

1           (Cases called)

2           THE COURT:  I was notified yesterday that Bankruptcy
3   Court issued a stay of the proceedings in these four cases
4   until May 29.

5           What I'm going to propose, unless I get a different
6   proposal, is that I just cancel all the other appearances and
7   maybe tentatively schedule appearance for May 31 or some other
8   later date, depending on when you are appearing back before the
9   Bankruptcy Court.

10          I know the Bankruptcy Court has indicated the parties
11  should engage in settlement discussions, but obviously unless
12  someone has a different view, there's nothing to do before the
13  29th of May.  If the Court extends that stay beyond the 29th of
14  May or extends it indefinitely, I may put it on the suspense
15  docket, if it is still a possibility that we're going to go
16  forward after the bankruptcy proceedings or the bankruptcy
17  stay.

18          Why don't I hear from anyone who has a different
19  suggestion or has any information that they want to add to the
20  record at this point.

21          Anyone for the plaintiff.

22          MR. TURNER:  Your Honor, I'll just note the order
23  erroneously states there was no objection to the stay order.
24  Hudson Bay did object.

25          This is frustrating for us, because as your Honor is

1  aware, we were told long ago there was money available when
2  Patriot stood before this court and said they were solvent.
3  Then we were told there was money available for mediation.
4  Last September we attempted mediation and it was not
5  productive.
6           Here we are again.  The Bankruptcy Court has ordered
7  us into mediation.  Obviously we're going to comply with that
8  order, but we would like oral argument to be put on the
9  calendar for as early as possible after this day has expired.
10          THE COURT:  Do you know what are the appearances to
11 the schedule before the Bankruptcy Court at this time?
12          MR. TURNER:  I don't know of any appearance scheduled.
13 The mediation itself has not been scheduled yet, your Honor.
14          THE COURT:  The bankruptcy proceeding judge did not
15 schedule a next appearance?
16          MR. TURNER:  Plaintiffs here are required to attend,
17 your Honor.  I'm sure the other proceedings they attended.
18          MR. LEVI:  We don't have an alternative suggestion.
19 We're very much in favor of an oral argument immediately upon
20 the cessation of the mediation, 90-day period.
21          We did mediate previously and it didn't work.
22 Obviously we'll have an open mind, but if it doesn't work we
23 think this case should go ahead full speed.
24          I just want to note for your Honor that in January the
25 defendant Mariano commenced a state court action against the

1   hedge funds, an additional third hedge fund, an employee of

2   JPMorgan Securities, and an employee of an affiliate,

3   essentially alleging the very same claims that are alleged in

4   this court in the counterclaims, just naming a defendant.  The

5   very defendant in the counterclaims in this case who was

6   alleged to have made -- the JPMorgan employee -- false

7   statements X and Y.  They started a lawsuit against in him in

8   Florida alleging he made false statements X and Y.

9           There's a bit of a competing action that Mr. Mariano

10  saw fit to start.

11          THE COURT:  Is that action on the list of cases that

12  the Bankruptcy Court stayed?

13          MR. LEVI:  It is not.  Patriot National did not seek

14  to stay those cases as part of what was on a schedule of state

15  cases. It is not stayed.

16          I have spoken with my adversary in this case,

17  Mr. Mariano's counsel, Mr. Scherer, who is also plaintiff's

18  counsel in Mr. Mariano's Florida state court action, and

19  suggested to him that the time to respond on the part of one

20  defendant who's been served be extended for the same period

21  that the mediation is going to take place, on theory that this

22  is all one big global dispute.

23          He hasn't been able yet to get a response from his

24  client about that.  I'm hopeful they'll say yes and that we

25  don't have an competing action or an end run around this action

1   at the same time this action is stayed.

2       All of that is a long way of saying, as soon as this
3   mediation period comes to an end, assuming it's not successful,
4   we do want the argument to go before your Honor, which is what
5   your Honor has tentatively said he's going to schedule. We're
6   in agreement with that

7       THE COURT: What's the defense position?

8       MS. COLEMAN: Good morning, your Honor. We'd like to
9   point out that in addition to the stay that Judge Gross just
10  issued yesterday, the 90-day temporary stay of the action,
11  there are two other stays that are important here and the
12  remain in effect. We will be back here if the mediation is not
13  successful, arguing that as well.

14      No. 1, the case audit is obviously stated as against
15  Patriot National Inc. itself, because Patriot National is a
16  debtor in Chapter 11, 362 of the bankruptcy code stays the
17  action entirely as to Patriot.

18      In addition to that, your Honor, Patriot's position is
19  that 362(a)(3) of the bankruptcy code also operates as a stay
20  of this action in its entirety because the defendants in this
21  action other than Patriot, as to whom it would not be stayed
22  under (a)(1) are getting advance defense cost from Patriot's
23  D&O policies. Patriot has a property interest in its D&O
24  policy making the property of the estate subject to the stay of
25  362(a)(3).

1          That's not an issue before the Court today, because
2    your Honor has recognized Judge Gross' stay of the entire
3    proceeding, but we want to reserve our rights and we will be
4    back here arguing that there's no ability to go forward,
5    certainly against Patriot.  I don't think anybody's suggesting
6    that.  Also with respect to the other defendants, our position
7    is that you can't go forward as to those either, because that
8    would violate the automatic stay.
9          We will be making that argument then, your Honor.
10         THE COURT:  That argument should be first made to the
11   Bankruptcy Court. The Bankruptcy Court is going to sustain the
12   stay.  The Bankruptcy Court made a determination that the stay
13   should be extended to the 29th. If the Bankruptcy Court missed
14   that stay or intends to lift that stay, then you should first
15   try to convince the Bankruptcy Court that those parties are
16   essential to resolution of the bankruptcy before I hear an
17   application with regard to whether or not it is automatically
18   extended.
19         In the abstract, my position is usually that it's not
20   automatically extended unless the Bankruptcy Court feels it's
21   appropriate.  It's the bankruptee who is entitled to the
22   automatic stay.  If you can convince me otherwise, that's fine.
23          I'll put it this way, you're even less likely to
24   convince me of that if you haven't made the application to the
25   Bankruptcy Court to make a determination that it is essential

1  for the bankruptcy proceeding that the proceedings against the

2  others be stayed.  If you can't convince the Bankruptcy Court

3  of that, then you're going to have to tell me why you think

4  that even though the Bankruptcy Court is determined that it's

5  not essential to have those parties in the case and have the

6  proceeding stayed against them and why it makes sense for me to

7  independently order that it's automatically stayed.

8          MS. COLEMAN:  Understood, your Honor.  As I said, I

9  don't want to take the Court and the parties' time with respect

10 to that today.

11         We will proceed as you've suggested.  We will ask

12 Judge Gross to make a finding, which he's already found

13 yesterday on the record that the D&O policies property of the

14 debtors' estate, which is what brings them into the purview of

15 Section 362(a)(3), and would operate as a bar to proceeding in

16 this matter, because this matter involves those proceeds.  But

17 we will ask Judge Gross to make that determination if that

18 would be helpful for your Honor.

19         THE COURT:  Was it Judge Gross' intent to stay these

20 proceedings in anticipation of staying all proceedings until

21 the resolution of the bankruptcy, or just simply stay this to

22 give the parties an opportunity to settle with the intent of

23 lifting that stay if the parties are not able to settle by

24 May 29?

25         MS. COLEMAN:  It was the latter, your Honor. We made a

1  motion to Judge Gross and asked him if he would stay these
2  eight separate litigations in different courts for 90 days,
3  subject to extension, if things were going well.
4              I have to say I'm not particularly optimistic, given
5  the statements by other parties who are already planning to let
6  the mediation period expire then come right back.  Maybe I'll
7  be proved wrong.  I hope so, but he was intending not to stay
8  until the end of the case, but again, this isn't imposing a
9  separate stay from 362. This is imposing a new stay just for
10 the 90 days to see if the parties can mediate to settle.
11             THE COURT:  Is there a transcript of that?
12             MS. COLEMAN:  We've asked for a transcript, your
13 Honor.  In Bankruptcy Court it's audio, so it takes a couple of
14 extra days.  We will supply that as soon as it's available.
15             THE COURT:  My intention at this point would be to set
16 it down for May 31. If the stay expires, then we're in a
17 position to move forward. If the stay doesn't expire or the
18 stay is not extended by some determination by the Bankruptcy
19 Court or by me, then we're going to move forward on the 31st.
20 We'll move forward with the motions that are already
21 outstanding.
22             I'm going to set it down for May 31 at 10:30.  Just
23 let me know before that time what the current status is.
24             There is no appearance scheduled before the Bankruptcy
25 Court, Ms. Coleman?

1          MS. COLEMAN: Not on this matter, your Honor. I think
2    what Judge Gross contemplates is that the parties will very
3    quickly set up the mediation sessions and start going through
4    that process. If the mediation is successful, then the debtors
5    will make a Rule 9019 motion in the Bankruptcy Court for Judge
6    Gross's approval of the settlement of these actions.
7          THE COURT: If it's not successful?
8          MS. COLEMAN: If it's not successful, we haven't made
9    the determination yet, but the debtor's independent director
10   Mr. Landers is in charge of what we do with these cases and my
11   guess is that he will recommend that we try to get Judge Gross
12   to extend the stay to continue to try to settle the cases.
13         If not, then he'll instruct me whether I should go to
14   each of those eight courts and make the argument that I just
15   articulated to your Honor, that section 362(a)(3) bars further
16   proceedings against the property of the estate in the form of
17   the D&O proceeds, and bars the continuation of these
18   litigations in any event.
19         It's a lot easier, too, which is why we did this way,
20   to ask Judge Gross for a stay in omnibus, stay of everything,
21   for 90 days. If we have to, we'll go to each of the judges
22   presiding over the other cases and make our arguments with
23   respect to 362(a)(3).
24         THE COURT: Obviously my view is that I would like to
25   have Judge Gross' position with regard to whether or not he

1    thinks a further stay is appropriate to resolve the bankruptcy.
2              If he says it is, then we can go ahead and extend it.
3    We don't have to worry about that. If he says it's not, I'd
4    like to know why he says it's not and you say it is.
5              I think my view is always in the first instance. It's
6    the Bankruptcy Court that should determine which parties are
7    essential in the bankruptcy, and as I said, unless you can
8    convince me otherwise that legally there's an automatic stay,
9    but I don't know enough about the relationships to make that
10   determination on the record.
11             MS. COLEMAN:  Certainly, your Honor.  I'm not asking
12   you to do that.  I will do my best to convince your Honor if it
13   becomes necessary.
14             THE COURT:  Anything else?
15             MR. TURNER:  Just one other thing, your Honor, as long
16   as we're putting all our cards on the table. If the stay does
17   expire, not only would we want to proceed against the
18   non-debtor on summary judgment, Mr. Mariano, but there are
19   pending counterclaims that both defendants have against us, the
20   breach of contract counterclaims that remain in the case.
21             We would plan immediately upon the stay to move for
22   summary judgment as well on those counterclaims against both
23   defendants. We take the position that Patriot's counterclaims
24   are not subject to the bankruptcy stay since they brought those
25   claims and they're not claims against the estate.

1           MR. GOLDBERGER:  Your Honor, just to add to what
2    Mr. Turner said, we join in that, and we point out to your
3    Honor that your Honor already had to reach that conclusion in
4    connection with the motion to dismiss argument that you ruled
5    on recently and you, in fact, dismissed a number of
6    counterclaims that Patriot had.  We think the summary judgment
7    motion on those counterclaims would be appropriate when the
8    stay expires.
9           THE COURT:  Why don't you let me know by May 1 or 2
10   what you say the status is so we'll know whether we're going to
11   go forward on May 31, if we're going to move forward, how we're
12   going to move forward, because what I hear now is there are
13   outstanding motions, further motions that may be anticipated by
14   the defense, unless there are further motions, summary judgment
15   motions that may be anticipated by the plaintiff.
16          Let me know the layout by May 1.  If you haven't been
17   able to resolve this case by May 1, let me know how you all
18   intend to proceed in this proceeding and how you intend to
19   proceed in the bankruptcy proceeding.
20          Yes.
21          MR. BONDI:  Your Honor, I appreciate you suggesting,
22   we would like to know, and I don't have any objection to that.
23   My only suggestion, your Honor, might be that we push that date
24   out a little bit further.
25          May 1 is going to roll around pretty quickly and we've

1  got a number of different cases that are pending now, I think
2  by my count, seven or so with a number of different parties. I
3  suspect the global mediation is going to take all 90 days or
4  close to it.  I was just going to suggest, your Honor, that we
5  might push off that date to maybe around May 20 or so, just to
6  give us some extra time to try to resolve these cases.
7          THE COURT:  When do you intend to begin negotiations
8  in earnest?
9          MR. BONDI:  Hopefully, your Honor very, very quickly.
10 I would like to have a discussion with our opposing counsel
11 here and elsewhere about getting that moving in light of the
12 order yesterday.
13         THE COURT:  I do not have any problem moving that to
14 the 18th of May, which is Friday.  You can let me know so I can
15 anticipate what we're going to do on the 31st, if we're going
16 to do anything or whether or not you join or individually
17 suggest that even if there's no stay that's extended, that we
18 put that day off in order for the parties to make further
19 motions, but you can let me know by no later than that time, by
20 the 18th, how you intend to proceed.
21         We'll otherwise schedule for May 31 at 10:30.  I'll
22 anticipate seeing the parties at that time, unless I get
23 communication from you no later than May 18 that we should
24 meet, either at a later or earlier time.
25         MR. BONDI:  Thank you, your Honor.  We agree with that

1  schedule.
2              THE COURT:  Anything else?
3              Then I'll anticipate seeing you on the 31st of May and
4  hopefully hear from you before then to see if you are going to
5  be doing anything substantive on that date.
6              (Adjourned)