## Cahill Gordon & Reindel LLP
### Eighty Pine Street
### New York, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| L. HOWARD ADAMS | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| ROBERT A. ALESSI | ARIEL GOLDMAN | WWW.CAHILL.COM | BRIAN T. MARKLEY | DARREN SILVER |
| HELENE R. BANKS | JASON M. HALL | | WILLIAM J. MILLER | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | WILLIAM M. HARTNETT | | NOAH B. NEWITZ | RICHARD A. STIEGLITZ JR. |
| DAVID L. BARASH | CRAIG M. HOROWITZ | 1990 K STREET, N.W. | MICHAEL J. OHLER | SUSANNA M. SUH |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | WASHINGTON, DC 20006-1181 | DAVID R. OWEN | ANTHONY K. TAMA |
| BRADLEY J. BONDI | TIMOTHY B. HOWELL | (202) 862-8900 | JOHN PAPACHRISTOS | JONATHAN D. THIER |
| BROCKTON B. BOSSON | DAVID G. JANUSZEWSKI | | LUIS R. PENALVER | SEAN P. TONOLLI* |
| KEVIN J. BURKE | ELAI KATZ | CAHILL GORDON & REINDEL (UK) LLP | KIMBERLY PETILLO-DÉCOSSARD | JOHN A. TRIPODORO |
| JAMES J. CLARK | BRIAN S. KELLEHER | 24 MONUMENT STREET | SHEILA C. RAMESH | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | RICHARD KELLY | LONDON EC3R 8AJ | MICHAEL W. REDDY | HERBERT S. WASHER |
| STUART G. DOWNING | CHÉRIE R. KISER* | +44 (0)20 7920 9800 | OLEG REZZY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | JOEL KURTZBERG | | JAMES ROBINSON | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | TED B. LACEY | | THORN ROSENTHAL | DAVID WISHENGRAD |
| JENNIFER B. EZRING | MARC R. LASHBROOK | WRITER'S DIRECT NUMBER | TAMMY L. ROY | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE | | JONATHAN A. SCHAFFZIN | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | JOEL H. LEVITIN | (202) 862-8910 | JOHN SCHUSTER | DANIEL J. ZUBKOFF |
| PIERRE M. GENTIN | | | | |

*ADMITTED IN DC ONLY

July 5, 2019

Re: *Hudson Bay Master Fund Ltd.* v. *Patriot National, Inc. et al.* (No. 16-cv-2767)—
<u>Hudson Bay's Defective Request for a Rule 37.2 Conference and Order to Compel</u>

Dear Judge Daniels:

    I write on behalf of Peter Kravitz, Litigation Trustee for the PNI Litigation Trust, as successor-in-interest to Patriot National, Inc. ("Patriot") regarding Hudson Bay's July 3, 2019 Letter-Motion Requesting Rule a 37.2 Conference and Order to Compel (the "Motion"). The Motion impermissibly combines a request for an informal discovery conference with a motion to compel in violation of Local Rule 37.2 and Rule IV.A of Your Honor's Individual Rules and Practices. Regardless, and as set forth herein, Hudson Bay's Motion should be denied because it is premature and both procedurally and substantively defective.

    As an initial matter—and as acknowledged by Hudson Bay's Motion—no subpoena for documents or testimony has been served upon Mr. Kravitz.[1] Absent service of a valid subpoena, there is no dispute for the Court to resolve since no person or entity has refused to provide information that it is required to produce. Hudson Bay's request for a Rule 37.2 conference should be denied pending its service of a subpoena for documents upon Mr. Kravitz.

---

[1] Despite Hudson Bay's continued references to Patriot, all litigation claims now belong to the Litigation Trust. On January 30, 2018, Patriot filed a voluntary petition for relief under chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). *See Hudson Bay Master Fund Ltd.* v. *Patriot National, Inc., et al.*, Suggestion of Bankruptcy of Defendant and Counterclaim-Plaintiff Patriot National, Inc. (Feb. 5, 2018) [ECF No. 286]. On May 4, 2018, the Honorable Kevin Gross of the Bankruptcy Court entered an order confirming Patriot's Fourth Further Amended Joint Chapter 11 Plan of Reorganization. *See In re Patriot National, Inc., et al.* No. 18-10189 (KG), Notice of (i) Effective Date of Fourth Further Amended Joint Chapter 11 Plan of Reorganization and (ii) Bar Dates for Filing Certain Claims (Bankr. D. Del. July 2, 2018) [ECF No. 891]. That Order confirmed Patriot's Plan of Reorganization, which provided, *inter alia*, that "any attorney-client privilege, work-product privilege, joint interest privilege or other privilege or immunity attaching to any documents or communications (in any form, including, without limitation, written, electronic or oral) shall be transferred to and shall vest in the Litigation Trust." *Id.* Exh. A at 29.

Cahill Gordon & Reindel LLP

If the Court nevertheless decides to consider Hudson Bay's request, the Motion is procedurally defective for failure to comply with Local Rule 37.1. That rule requires all discovery motions to "specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed." The rule's purpose is to narrow the actual issues in dispute and to provide the Court with the necessary record to evaluate the propriety of both the particular requests/questions at issue and the corresponding responses. Rather than comply with this absolute rule, Hudson Bay seeks in the abstract to invalidate every claim of privilege invoked by Patriot throughout the course of this litigation.[2] The expansive scope of Hudson Bay's Motion is improper.

Hudson Bay's Motion also misstates the applicable law. According to Hudson Bay, a party may never consult with counsel regarding a potential dispute without waiving the privilege that attaches to such communications. That is because a party's state of mind likely will be at issue with regard to any pre- or post-litigation decisions that the party makes. *See* Motion at 3 (stating that because Patriot and Mariano "put their state of mind 'at issue,' any attempt to invoke privilege over discussions about Patriot's performance under the agreements constitutes a waiver").[3] The law in this Circuit is clear that waiver is occasioned where the party invoking the privilege uses it both as a sword and a shield—not simply where the party's decisions may have been informed by the advice of counsel. *See In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("In other words, a party cannot partially disclose privileged communications or *affirmatively rely* on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party.") (emphasis added); *HSH Nordbank AG New York Branch* v. *Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. July 24, 2009) (Lynch, J.) ("In order to prevent such use, the 'at issue' doctrine precludes a party from 'disclos[ing] only self-serving communications,' while 'bar[ring] discovery of other communications that an adversary could use to challenge the truth of the claim.").[4]

---

[2]  Hudson Bay's conduct in this regard is not limited to its interactions with the Court. The undersigned counsel to the Litigation Trustee repeatedly asked Hudson Bay's counsel to provide the actual questions it hoped to ask during depositions and to identify the specific documents it wished to receive in discovery. The purpose of seeking such information was so that the Litigation Trustee could evaluate the claim of privilege on a case-by-case basis. Hudson Bay has refused to provide any of the questions it would like answered in depositions and has insisted on production of *all* documents listed within certain categories of Patriot's categorical privilege log.

[3]  Hudson Bay's position has been rejected in numerous cases, including one of the cases relied upon by Hudson Bay in the Motion. *See Pereira* v. *United Jersey Bank*, 1997 WL 773716, at *4 (S.D.N.Y. Dec. 11, 1997) ("More specifically, to the extent that *Hearn*, as interpreted by *Rhone-Poulenc*, stands for the proposition that the mere act of placing a party's state of mind at issue supports a finding of waiver, the law in this circuit does not support such a result."); *id* at *5 ("The problem with both of these arguments is that a finding of waiver under either circumstance would require a finding of waiver in virtually every litigation, for in almost all actions a party either 'affirmatively place[s] its knowledge or intent at issue' ….").

[4]  It is also worth noting that Judge Lynch—and numerous other judges in this Circuit—have rejected Hudson Bay's broad theory that waiver is occasioned whenever a party produces some non-privileged information helpful to its own case while simultaneously claiming a privilege over related, but separate, documents and information. *See HSH Nordbank*, 259 F.R.D. at 74 ("Defendants argue that because Nordbank seeks to assert privilege over documents that are allegedly harmful to its position, while simultaneously producing related documents that are allegedly favorable to its position, its use of the attorney-client privilege violates the "sword and shield" prohibition. (Jt. Ltr. at 14–15.). This argument is meritless. Defendants do not claim, much less demonstrate, that any of the

Hudson Bay's Motion does not identify any *affirmative* use of privileged material for Patriot's or Mariano's benefit.  The Motion does not recite a single instance in which any Patriot witness affirmatively relied upon advice of counsel or otherwise affirmatively placed at issue Patriot's (or Mariano's) state of mind.  In fact, the only examples provided in the Motion concern questions posed by counsel as opposed to answers by the deponent.  *See* Motion at 2.  During the highlighted exchange, counsel to separate plaintiff CVII asked Mr. Mariano "is there any basis for your decision other than—not to honor the warrants—other than the advice of counsel?"  Mr. Mariano replied "[o]ther than the advice of counsel, no."  This is a far cry from the typical example of waiver found by courts in this Circuit where the party invoking privilege (not the examining counsel) placed the privileged communication at issue.  *See HSH Nordbank*, 259 F.R.D. at 74 n.14 (Lynch, J) ("The 'at issue' doctrine relates to issues that the party asserting privilege puts in issue, not to issues raised by that party's adversary."); *cf. Mitre Sports Intern. Ltd.* v. *Home Box Office, Inc.*, 304 F.R.D. 369, 372-73 (S.D.N.Y. Jan. 13, 2015) ("Boocock's answering HBO's deposition questions did not put Mitre's investigation in issue for the simple reason that providing such testimony was not an attempt by Mitre to use protected information to influence a decision maker.  … Thus, the mere fact that a party makes a partial disclosure of privilege or protected information in a deposition does not result in a subject-matter waiver because there is no use of the testimony by the party holding the privilege.").

Even the cases cited by Hudson Bay in its Motion reveal the frivolity of Hudson Bay's position.  In *Bilzerian*, the Second Circuit's analysis relied heavily on the fact that the defendant himself sought to introduce testimony that would place the privilege squarely at issue.  *U.S.* v. *Bilzerian*, 926 F.2d 1285, 1291 (2d Cir. 1991) ("Defendant contends the testimony *he sought to introduce* regarding his good faith attempt to comply with the securities laws ….") (emphasis added); *id. a*t 1293 ("[T]he district judge merely said that *Bilzerian's own testimony* as to his good faith would open the door to cross-examination, possibly including inquiry into otherwise privileged communications with his attorney.") (emphasis added).  Similarly, the court in *Pereira* found that *the party invoking the privilege* had "placed its attorneys' knowledge and intent 'at issue'" via its own affirmative testimony in the matter, which focused on the extent of counsel's role in the decision-making process.  *Pereira*, 1997 WL 773716, at *5.  *Arista Records LLC* v. *Lime Group LLC*, 2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011) did not even concern a motion to compel.  There, the issue was whether a party could offer evidence at trial that the party had sought throughout discovery to shield as privileged.  *See id.* at *2 ("Plaintiffs are not seeking privileged communications; rather they are seeking to preclude argument and testimony where Defendants have already blocked inquiry on the basis of privilege.").

Hudson Bay's Motion should be denied.

Respectfully submitted,

/s/ Bradley J. Bondi

Bradley J. Bondi

---

"favorable" documents produced by Nordbank were written by or to its counsel, or that the documents contain legal advice and/or related client confidences sufficient to implicate attorney-client privilege.").

<u>BY ECF</u>

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl St., Room 1310
New York, NY 10007

cc: All counsel of record (via ECF)