USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUDSON BAY MASTER FUND LTD.<br><br>Plaintiff,<br><br>- against -<br><br>STEVEN M. MARIANO<br><br>Defendant. | Case No. 16 Civ. 02767 (GBD) (SDA) |
| CVI INVESTMENTS, INC.<br><br>Plaintiff,<br><br>- against -<br><br>STEVEN M. MARIANO<br><br>Defendant. | Case No. 19 Civ. 02960 (GBD) (SDA) |

## STIPULATED [PROPOSED] RULE 502(d) ORDER

WHEREAS Plaintiffs Hudson Bay Master Fund Ltd. ("Hudson Bay") and CVI Investments, Inc. ("CVII") seek documents from Peter Kravitz, Litigation Trustee for the PNI Litigation Trust (the "PNI Litigation Trustee"), regarding the basis for Patriot National Inc.'s ("Patriot") decision not to honor warrants delivered to Plaintiffs pursuant to a private investment in public equity transaction that is the subject of the above-referenced actions (the "Warrants");

WHEREAS Hudson Bay and CVII also seek deposition testimony from certain individuals with knowledge of Patriot's decision not to honor the Warrants;

WHEREAS the PNI Litigation Trustee is willing to provide documents and allow testimony about Patriot's decision not to honor the Warrants in these actions that were previously the subject of privilege assertions but wishes to not waive any privilege that exists over these issues in any other proceeding:

THE PARTIES HEREBY STIPULATE THAT:

1. The production of privileged or work-product protected documents in the above-captioned cases shall not operate as a waiver of any privilege or protection from discovery in any other federal or state proceeding.

2. Testimony given at any deposition in the above-captioned cases regarding the basis of Patriot's decision not to honor the Warrant, including any testimony that could implicate the attorney-client privilege or work-product protection, shall not constitute a waiver of any privilege or protection from discovery in any other federal or state proceeding.

3. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**IT IS SO STIPULATED.**

Dated: August 1, 2019

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
David Posner
dposner@kilpatricktownsend.com
Kelly Moynihan
KMoynihan@kilpatricktownsend.com
1114 Avenue of the Americas
New York, New York 10036
Telephone: 212.775.8764
*Counsel to the Litigation Trustee for the PNI Litigation Trust*

Dated: August 1, 2019

**LATHAM & WATKINS LLP**

By: _____
Serrin Turner
*serrin.turner@lw.com*
Zachary L. Rowen
*zachary.rowen@lw.com*
885 Third Avenue
New York, New York 10022
Telephone: 212.906.4555
*Counsel to Hudson Bay Master Fund Ltd.*

Dated: August 1, 2019

**BALLARD SPAHR LLP**

By: _____
Marjorie Peerce
Joseph Slaughter
1675 Broadway, 19th Floor
New York, NY 10019
Direct Dial: (212) 346-8039
Fax: (212) 223-1942
peercem@ballardspahr.com
slaughterj@ballardspahr.com
*Counsel to CVI Investments, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: New York, New York
August 2, 2019

Based upon this Stipulation, the Clerk of Court shall terminate the Letter Motions at ECF No. 349 in 16-cv-2767 and ECF No. 26 in 19-cv-2960.

_____
STEWART D. AARON
United States Magistrate Judge